IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LESEAN D. HARDY,<br><br>Defendant. | Case No. CR08-0077<br><br>ORDER FOR PRETRIAL DETENTION |

On the 18th day of November, 2008, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The government was represented by Assistant United States Attorney Stephanie Rose. The Defendant appeared personally and was represented by his attorney John W. Hofmeyer, III.

### RELEVANT FACTS

On November 18, 2008, Defendant Lesean D. Hardy was charged by Indictment (docket number 1) with possession of a firearm as a felon. Defendant entered a plea of not guilty and trial is scheduled for January 20, 2009.

Officer Brian Heinricy of the Marion Police Department testified regarding the circumstances underlying this charge. On November 12, 2008, Defendant was a passenger in a car stopped by the Cedar Rapids Police Department. The officer obtained consent to search the vehicle and Defendant was removed from his position in the back seat. As Defendant was being patted down, he pushed the officer and took off running. When Defendant was caught three blocks later, he had a loaded handgun in his hand, with a bullet in the chamber. Defendant was arrested and taken to the police department. After being *Mirandized*, Defendant told officers that he purchased the gun for protection. Defendant also admitted that he was a convicted felon.

1

According to the Pretrial Services Report, Defendant is 28 years old. He has never been married, but has three children with two different mothers. He is also expecting a child with his girlfriend, with whom he now resides. Defendant has been unemployed for the past month-and-a-half. Prior to that time, he worked at Jacobson's Warehouse in Des Moines for five months and prior to that worked at Wendy's and Wehrenberg Theatres in Cedar Rapids. Defendant told the Pretrial Services Officer that he does not drink alcohol and has never used illicit drugs.

In 1997, Defendant was sent to prison in Illinois for possession of stolen property and a drug offense. Defendant was paroled in March 1998, but was sent back to prison later in 1998 for unlawful use of a firearm. According to the Pretrial Services Report, Defendant "escaped" in 1999 and was returned to prison approximately four months later. Defendant was then paroled in 2000, but his parole was apparently revoked and he was returned to prison in 2001.

Later in 2001, Defendant received a suspended ten-year prison term in Iowa for a drug offense. In 2003, Defendant's probation was revoked and the ten-year prison term was imposed. Defendant was paroled in 2004, but his parole was revoked in 2005. According to the Pretrial Services Report, Defendant "escaped" in 2006 and was discharged in 2007.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." 481 U.S. at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the

defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with possession of a firearm as a felon, one of the offenses enumerated in § 3142(f)(1)(E).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant;

3

(3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). The involvement of a firearm is a factor which the Court must consider in determining whether there are any conditions which will reasonably assure the safety of the community. 18 U.S.C. § 3142(g)(1). In this case, it is alleged that Defendant not only had a firearm in his possession, it was being displayed and had a bullet chambered. Apparently several officers will be able to testify that Defendant had a firearm in his possession and it would appear the Government can establish that Defendant is a convicted felon. Furthermore, Defendant admitted the material elements of this offense. Therefore, the weight of the evidence against the Defendant is substantial. 18 U.S.C. § 3142(g)(2).

The Defendant has some ties to the Cedar Rapids community. His three children live with their two mothers in Cedar Rapids. Prior to his arrest, however, Defendant apparently lived in Des Moines with his girlfriend. Defendant has a substantial prior criminal record, including three separate prison terms. Defendant apparently walked away from a work release facility during his second imprisonment and was returned to prison. He was later paroled, but his parole was then revoked. Similarly, Defendant's probation was revoked in Iowa and he was sent to prison. He was then paroled and his parole was revoked. Later, he apparently walked away from a residential facility and was returned to prison again. The Court has no confidence that Defendant would comply with any conditions which may be imposed on his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (November 18, 2008) to the filing of this Ruling (November 21, 2008) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 21st day of November, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA